UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
S. DHANESH SHAH,

                               Plaintiff,

        -against-

IPIC-GOLD CLASS ENTERTAINMENT, LLC,
IPIC ENTERTAINMENT INC.,
IPIC MEDIA, LLC d/b/a IPIC THEATERS, and
MICHAEL PACOVSKY,

                             Defendants.
------------------------------------------------------------------X

Civil Case No: 7:19-cv-2942

**COMPLAINT**

Plaintiff Demands A
Trial by Jury

      Plaintiff, S. DHANESH SHAH, (hereinafter referred to as "Plaintiff" and/or "SHAH"), by and through his attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendants IPIC-GOLD CLASS ENTERTAINMENT, LLC (hereinafter referred to as "IGCE"), IPIC ENTERTAINMENT INC. (hereinafter referred to as "IPIC-E"), IPIC MEDIA, LLC d/b/a IPIC THEATERS (hereinafter referred to as "IPIC-M") (hereinafter collectively referred to as "The IPIC Defendants"), and MICHAEL PACOVSKY ("PACOVSKY") individually, (hereinafter collectively referred to as "Defendants"), upon information and belief, as follows:

**NATURE OF CASE**

1. Plaintiff brings this action, charging that the Defendants violated Plaintiff's rights pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and to remedy violations of New York Labor Law, Article 7, §§ 200 et seq., based upon the supplemental jurisdiction of this Court pursuant to United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the

injuries that Plaintiff has suffered as a result of, inter alia, retaliation and unlawful termination.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under the FLSA. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto. This case involves questions of Federal law.

3. Additionally, this Court has supplemental jurisdiction under the State law causes of action asserted in this action.

4. Venue is proper in this District based upon the fact that the events or omissions that gave rise to the claims asserted herein occurred within the Southern District of New York.

## PARTIES

5. Plaintiff is an individual man who is a resident of the State of New Jersey, County of Bergen.

6. At all times material, Defendant IPIC-GOLD CLASS ENTERTAINMENT, LLC is a foreign limited liability company duly existing by the virtue and laws of the State of Delaware that does business in Arizona, California, Florida, Illinois, Maryland, New Jersey, New York, Texas, and Washington.

7. At all times material, Defendant IPIC ENTERTAINMENT INC. is a foreign business corporation duly existing by the virtue and laws of the State of Delaware that does business in Arizona, California, Florida, Illinois, Maryland, New Jersey, New York, Texas, and Washington.

8. At all times material, Defendant IPIC MEDIA, LLC d/b/a IPIC THEATERS is a foreign limited liability company duly existing by the virtue and laws of the State of Florida that does

business in Arizona, California, Florida, Illinois, Maryland, New Jersey, New York, Texas, and Washington.

9. At all times material, The IPIC Defendants own and operate luxury movie theaters throughout the United States.

10. At all times material, Defendant PACOVSKY was and is the Vice President of Operations for The IPIC Defendants.

11. At all times material, Defendant PACOVSKY held supervisory authority over Plaintiff, controlling many tangible aspects of Plaintiff's job duties, including the power to hire and fire Plaintiff.

## FACTUAL ALLEGATIONS

12. On or about June 8, 2018, The IPIC Defendants hired Plaintiff as Restaurant General Manager of City Perch Kitchen & Bar within the IPIC Theater complex located at 1 Hamilton Street, Dobbs Ferry, New York 10522.

13. Plaintiff's primary duties and responsibilities included oversight of restaurant operations, inventory controls, upkeep of facilities, managing kitchen, theater and bar staff, as well as creating weekly schedules.

14. Throughout the course of Plaintiff's employment, The IPIC Defendants violated numerous labor laws in the State of New York, including, but not limited to, failing to compensate employees for overtime, proper tips, spread of hours, and call-in pay.

15. As Restaurant Manager, IPIC's hourly employees frequently approached Plaintiff to complain about theses unlawful employment practices.

16. In or around June 2018, Plaintiff spoke to ALEX MITCHELL (Senior General Manager) regarding employee complaints of unlawful wage violations.

17. At all times material, ALEX MITCHELL held supervisory authority over Plaintiff with respect to his employment.

18. Despite Plaintiff's complaint to MITCHELL, The IPIC Defendants continued to willfully act in an unlawful manner and failed to compensate employees in accordance with federal and state laws.

19. Between July 2018 and December 2018, Plaintiff complained of the aforementioned unlawful wage violations to SEAN SIMPSON (Senior General Manager), ADAM STERNBERG (Executive Chef), MARIA HULL (Office Manager), and ANDREA FORMISANO (Event Sales Manager).

20. By way of example only, Plaintiff explicitly informed the aforementioned individuals on numerous occasions that IPIC was willfully sending hourly staff home immediately upon their arrival at work, calling staff on the day of their scheduled shift and asking them not to report to work, failing to allow employees to take breaks in accordance with federal and state standards, failing to compensate staff for spread of hours, and failing to comply with the federal and state regulations pertaining to tip credits.

21. Upon bringing these complaints to the attention of The IPIC Defendants management, Plaintiff requested that IPIC take immediate and corrective action to ensure that the hourly staff received their lawful compensation, as well as to ensure that IPIC was in compliance with all applicable laws.

22. Despite Plaintiff's numerous complaints to SEAN SIMPSON (Senior General Manager), ADAM STERNBERG (Executive Chef), MARIA HULL (Office Manager), and ANDREA FORMISANO (Event Sales Manager), The IPIC Defendants continued to willfully act in an

unlawful manner and failed to compensate employees in accordance with federal and state laws.

23. Ultimately, in or around late December 2018, Plaintiff raised his complaints to Defendant PACOVSKY, The IPIC Defendants' Vice President of Operations. Plaintiff detailed the aforementioned complaints to Defendant PACOVSKY and indicated that he spoke with numerous individuals prior to bringing these issues to PACOVSKY's attention.

24. Defendant PACOVSKY dismissed Plaintiff's complaints.

25. As mentioned above, as Restaurant Manager Plaintiff was responsible for creating the weekly schedule.

26. Once the schedule was set by Plaintiff, all managers at that location received a notification that the schedule was posted.

27. Approximately one week before Plaintiff complained to Defendant PACOVSKY, Plaintiff posted a schedule which indicated that he was working Christmas Eve, Christmas Day and New Years Day, and was not scheduled to work on New Years Eve. This schedule was accessible to Defendant PACOVSKY.

28. Defendant PACOVSKY frequently examined the weekly schedules to determine if any adjustments could be made to reduce payroll.

29. As per the schedule, Plaintiff did not work on New Years Eve, December 31, 2018.

30. On or about January 1, 2019, Defendant PACOVSKY approached Plaintiff and asked why Plaintiff had not reported to work on New Years Eve. Plaintiff informed Defendant PACOVSKY that he was in charge of scheduling and had posted this schedule approximately two weeks earlier. Moreover, Plaintiff informed Defendant PACOVSKY that Defendant PACOVSKY frequently and unfairly changed staff schedules at the last moment and

informed employees on the day of their scheduled shift that they should not report for work. Defendants PACOVSKY stated "I don't have to be fair."

31. As a result of Plaintiff's complaint to Defendant PACOVKSY, the following day, on or about January 2, 2019, Defendant PACOVSKY retaliated against Plaintiff and terminated Plaintiff's employment.

32. Defendant PACOVSKY informed Plaintiff that he was being terminated for "switching your shift with another manager." In fact, Plaintiff had not changed his shift and Plaintiff was in charge of creating/modifying the weekly schedule.

33. Defendants PACOVSKY's basis for terminating Plaintiff was merely pretextual as Defendant PACOVSKY terminated Plaintiff's employment in retaliation for Plaintiff's complaints of IPIC's unlawful wage practices.

34. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

35. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

36. No appropriate or reasonable actions were taken, and Plaintiff continued to work in a very negative and hostile work environment.

37. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

38. As a result of Defendant's discriminatory and intolerable treatment, Plaintiff suffered and continued to suffer severe emotional distress.

39. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

40. As a result of the acts and conduct complained of herein, Claimant has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits, pension, and other compensation, which such employment entails. Claimant has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

41. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

42. Plaintiff claims constructive and/or actual discharge and also seeks reinstatement.

43. Plaintiff claims alternatively (in the event Defendants claim so or that the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable laws pertaining to Independent Contractors.

44. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all Defendants jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR RETALIATION
## UNDER THE FAIR LABOR STANDARDS ACT
## (AGAINST ALL DEFENDANTS)

45. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth more fully herein.

46. Defendants qualify as an "employer" in accordance with 29 U.S.C. §203(d).

47. Plaintiff qualifies as an "employee" in accordance with 29 U.S.C. §203(e)(1).

48. Both Plaintiff and Defendants engaged in commerce or in the production of goods for commerce in accordance with 29 U.S.C. §207(a)(1).

49. Section 215(a)(3) states in relevant part that, "it shall be unlawful for any person - (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act generally; for full classification, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

50. Defendants' failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

51. Defendants' violated the section cited herein and Plaintiff has suffered damages as a result.

52. Plaintiff makes a claim against Defendants under all applicable sections of the FLSA.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION
## UNDER THE NEW YORK LABOR LAW § 215
## (AGAINST ALL DEFENDANTS)

53. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth more fully herein.

54. New York Labor Law § 215 provides in pertinent part: "1.  (a) No employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter, or any order issued by the commissioner (ii) because such employer or person believes that such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general, or to any other person that the employer has violated any provision of this chapter, or any order issued by the commissioner (iii)

because such employee has caused to be instituted or is about to institute a proceeding under or related to this chapter, or (iv) because such employee has provided information to the commissioner or his or her authorized representative or the attorney general, or (v) because such employee has testified or is about to testify in an investigation or proceeding under this chapter, or (vi) because such employee has otherwise exercised rights protected under this chapter, or (vii) because the employer has received an adverse determination from the commissioner involving the employee.

55. An employee complaint or other communication need not make explicit reference to any section or provision of this chapter to trigger the protections of this section.

56. Defendants' violated the section cited herein and Plaintiff has suffered damages as a result.

57. Plaintiff makes a claim against Defendants under all applicable sections of the NYLL.

## JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.

WHEREFORE, Plaintiff respectfully requests a judgment against the Defendants in an amount to be determined at trial for all unpaid overtime, in addition to liquidated and statutory damages, attorney's fees, costs and interest and awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful wage and hour practices.

Dated:   New York, New York
         April 2, 2019

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for Plaintiff*

_____
Zack Holzberg, Esq.

One Penn Plaza, Suite 4905
New York, New York 10119
(212) 587- 0760